Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2598 | **DATE** | 1/22/2001 |
| **CASE TITLE** | Fleming vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petitioner's petition for a writ of habeas corpus is denied and the case is hereby dismissed. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 3 2001 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/22/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | JAN 22 PM 3:30 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel. )
LOUIS FLEMING, )
                                  )
                  Petitioner,     )
                                  )
    v.                            ) No. 00 C 2598
                                  )
JAMES SCHOMIG, Warden,            )
Pontiac Correctional Center,      )
                                  )
                  Respondent.     )

## MEMORANDUM OPINION AND ORDER

Louis Fleming pled guilty to three counts of murder for killing Charlene Thompson on November 4, 1991. He also pled guilty to one count of attempted murder for shooting Sam Bridges and to one count of home invasion in connection with the murder. He appealed his sentence directly and on post-conviction in the Illinois courts, and he now petitions for a writ of habeas corpus. His petition is denied.

I.

Mr. Fleming confronted Charlene Thompson at a bar on November 3, 1991 and hit her with a beer glass. That night, Mr. Fleming told someone in the bar that he planned on killing Ms. Thompson and then shooting himself. The next morning, he called Ms. Thompson's house several times, and then broke into the house. Mr. Fleming fired two shots from a handgun into the bedroom, where Ms. Thompson and Mr. Bridges were, but he did not hit anyone. Ms. Thompson then

took a gun from Mr. Bridges and shot Mr. Fleming three times in the abdomen. Mr. Fleming wrestled the gun from her and shot her once in the head and twice in the side, killing her. Mr. Bridges picked up Ms. Thompson's eleven-month-old baby and Mr. Fleming fired at him; the shot missed the baby, but it glanced off Mr. Bridges' head. Mr. Fleming was charged with three counts of murder, one count of attempted murder, and one count of home invasion. He pled guilty to all of the charges and was sentenced to a term of life for the murder charges and concurrent thirty-year terms for the attempted murder and home invasion charges. His sentence was affirmed on direct appeal, and his state petition for post-conviction relief was denied after an evidentiary hearing.

Mr. Fleming raises eight claims in his federal habeas petition, but really he has twelve claims for ineffective assistance of counsel (trial, appellate and post-conviction), one claim that his attorney coerced his guilty plea, and one claim of prosecutorial misconduct before the grand jury. He identifies eight ways that he believes his trial counsel was ineffective in the preliminary, plea and sentencing proceedings: (1) failure to fully investigate the facts and evidence; (2) failure to pursue defenses to the home invasion charge; (3) failure to pursue the defenses of intoxication, mental illness and self-defense; (4) entry into plea negotiations without his consent; (5) failure to call two expert witnesses at his sentencing; (6) failure to

challenge the factual basis of his sentence; (7) failure to explain the difference between "consecutive" and "concurrent" sentences and the consequences of pleading guilty; and (8) failure to challenge the "Class X" habitual offender sentencing enhancement.

Mr. Fleming also claims that his appellate counsel was ineffective because he failed to raise claims of (9) bias of the judge and (10) ineffective assistance of trial counsel, and (11) he failed to investigate the facts of his case. He did not raise these issues on direct appeal and he did not raise them until his reply brief on post-conviction. Finally, Mr. Fleming claims that his post-conviction counsel was ineffective for the same reasons as his trial and appellate counsel, as well as (12) for failing to amend his petition to claim that he was actually innocent.

II.

A state prisoner may obtain federal habeas review of his claim "only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000); 28 U.S.C. §§ 2254(b), (c). A prisoner may not raise claims in a federal habeas petition unless he has first raised them in state court on direct or post-conviction review. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000). If a prisoner's claims are procedurally defaulted, he must demonstrate cause for his failure to raise the claims in state court and actual prejudice from the failure to raise those claims.

-3-

*Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). As I have explained elsewhere, "cause" means that the failure to raise the claims was not his fault, and "prejudice" means that the outcome would have been changed had the error not been made. *Wright v. Clark*, 96 F. Supp.2d 757, 759 (N.D. Ill. 2000). If a prisoner cannot demonstrate cause and prejudice, I may only reach the merits if he demonstrates that a fundamental miscarriage of justice would result from my failure to hear his claims. *Rodriguez*, 193 F.3d at 917. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

III.

Mr. Fleming's claims of ineffective assistance of counsel in post-conviction proceedings are not cognizable under § 2254(i), which says that ineffective assistance of counsel in state or federal post-conviction proceedings is not a ground for federal habeas relief. His claim that the prosecution engaged in misconduct before the grand jury by withholding evidence of his relationship with Ms. Thompson and that he had a key to her house is not cognizable under § 2254(a) because it does not raise a federal constitutional or statutory claim. Prosecutors have no

-4-

duty to present exculpatory evidence to the grand jury. *United States v. Stout*, 965 F.2d 340, 343 (7th Cir. 1992). His claims of ineffective assistance of trial and appellate counsel are procedurally defaulted because he did not raise them on direct appeal or in his initial state post-conviction petition.[1] *See Spreitzer*, 219 F.3d at 644. However, he properly preserved his claim that his trial attorney coerced his guilty plea, so I reach the merits of this claim.

Mr. Fleming does not specifically identify the cause for his failure to raise the claims before the state court, but I must construe his pleadings liberally because he is a pro se petitioner. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Mr. Fleming can be understood to argue that the ineffective assistance of his state post-conviction counsel was the cause for his failure to raise the procedurally defaulted arguments. But because there is no Sixth Amendment right to counsel in post-conviction proceedings, ineffective assistance of post-conviction counsel cannot be "cause" sufficient to overcome a procedural default. *Neal v. Gramley*, 99 F.3d 841, 843 (7th Cir. 1996).

Even if he could establish "cause" for failing to raise his defaulted arguments in the Illinois courts, he would still have to

---

[1] He did raise three of his ineffective assistance of counsel claims (claims 2, 3, and 8 above) in his reply brief on state post-conviction review, but the Illinois court was within its discretion not to consider them. *See* Ill. Sup. Ct. R. 341(e)(7).

establish prejudice. For post-conviction review of a guilty plea, that means he has to show that, but for the errors of his attorney during the plea proceedings, he would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To the extent that Mr. Fleming argues that he would not have pled guilty if his attorney had pursued the affirmative defenses of intoxication, mental illness and self-defense and defenses to home invasion, "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Mr. Fleming claims that his lawyer should have pursued defenses to the home invasion charges by eliciting testimony that Mr. Fleming and Ms. Thompson had an ongoing relationship and that he had a key to her home. But the Illinois Appellate Court found that Mr. Fleming "broke in" to Ms. Thompson's house on the morning of the murder. *Illinois v. Fleming*, No. 91 CF-3175, slip op. at 2 (Ill. Ct. App. Mar. 9, 1995). In habeas proceedings under § 2254, state findings of fact are presumptively correct. 28 U.S.C. § 2254(e)(1). To overcome this presumption, Mr. Fleming would have to show by clear and convincing evidence that the factual finding was incorrect, *id.*, and he has not done so. Moreover, the fact that Mr. Fleming had a key, if he did, and a past romantic relationship with Ms. Thompson would not be sufficient evidence of actual innocence of the home invasion charge to conclude that no

reasonable juror would have convicted him.

The same analysis applies to his claims that his lawyer failed to pursue defenses of self-defense, intoxication and mental illness. Mr. Fleming produces no evidence of intoxication or mental illness at the time of the murder to support an argument that these defenses would have been successful. He claims that he shot Ms. Thompson in self-defense only after she shot at him, but the Illinois Appellate Court found that Mr. Fleming fired two shots into the bedroom, hitting no one, before Ms. Thompson fired at him. *Illinois v. Fleming*, No. 91 CF-3175, slip op. at 2 (Ill. Ct. App. Mar. 9, 1995). Mr. Fleming's bare assertion that this is not how it happened is not clear and convincing evidence sufficient to overcome the Illinois court's finding of fact.

Mr. Fleming claims that his counsel at sentencing failed to explain the difference between "consecutive" and "concurrent" sentences. The Illinois Appellate Court, reviewing the denial of his state post-conviction petition, found that his attorney had explained this difference. *Illinois v. Fleming*, No. 3-97-0563, slip op. at 2 (Ill. Ct. App. Apr. 9. 1999). Even if his lawyer did fail to explain the difference, Mr. Fleming cannot demonstrate that he was prejudiced because he was sentenced to concurrent, not consecutive, sentences. *Id.* at 1. Because this does not relate to his actual or factual innocence, there was no miscarriage of justice.

Mr. Fleming does not specifically argue that he was prejudiced by his lawyer's failure to challenge his "Class X" habitual offender sentence enhancement, but he claims that he was not eligible for it because he was a first-time offender. The record does not contain the certified convictions on which the sentencing court based the "Class X" enhancement, but the Illinois Appellate Court concluded that Mr. Fleming's criminal record and history of terrorizing Ms. Thompson and her family were important aggravating factors. In affirming his sentence, the Appellate Court also considered the fact that Mr. Fleming cut phone lines to Ms. Thompson's house before breaking in, so he "contemplated the crime, and he endangered the life of an 11-month old baby while committing it." This is sufficient basis to apply the "cold, calculated and premeditated" aggravating factor, 720 ILCS 5/9-1(b)(11), which would have granted the judge discretion to sentence Mr. Fleming to a term of natural life. See 730 ILCS 5/5-8-1(a)(1)(b). In light of the evidence before the sentencing judge, Mr. Fleming has not demonstrated that his sentence would have been shorter even if the "Class X" enhancement had not applied.

Although Mr. Fleming raised the issue of his attorney's failure to call two expert witnesses at sentencing in his petition for state post-conviction relief, the Illinois Appellate Court denied relief because he had failed to raise the claim on direct appeal. Because the Illinois court clearly stated that its denial

-8-

of relief was based Mr. Fleming's procedural default, I cannot now review his claim without the same showing that is required for claims not raised before the state court: cause and prejudice, or a fundamental miscarriage of justice. *See Franklin v. Gilmore*, 1889 F.3d 877, 881 (7th Cir. 1999). The reports of the two experts whom Mr. Fleming wanted to call were before the sentencing judge, and the sentencing judge stated on the record that she had read the reports carefully. Mr. Fleming has not indicated how he was prejudiced, or that this claim has anything to do with actual innocence, so it is barred.

With respect to the remaining three defaulted claims for ineffective assistance of trial counsel, Mr. Fleming claims that he would not have pled guilty if his lawyer had investigated the facts and evidence, challenged the factual basis of his sentence, and not entered into plea negotiations without his consent. But he does not demonstrate prejudice in the legal sense; i.e., he does not show how these actions would have made it more likely that he would have succeeded at trial.

IV.

Mr. Fleming preserved his claim that his guilty plea was not voluntary because his attorney coerced him into pleading. But collateral attack on a guilty plea is allowed only in limited circumstances; a guilty plea that is voluntary and intelligent and advised by competent counsel cannot be collaterally attacked.

*Bousley v. United States*, 523 U.S. 614, 621 (1998).

In Illinois, the sentencing judge may not accept a guilty plea until he or she has informed the defendant of his rights and the factual basis for the charges in open court to determine that the plea is intelligently made and that the plea is voluntary and is made independent of any threats or promises. Ill. Sup. Ct. R. 402(a)-(c). Mr. Fleming does not allege that the sentencing judge failed to determine that the plea was intelligent and voluntary; on the contrary, Mr. Fleming's brief to the Illinois Appellate Court on direct appeal admitted that the sentencing judge had substantially complied with Rule 402 and that the plea was voluntarily and intelligently made. Moreover, at the evidentiary hearing on his post-conviction petition, Mr. Fleming admitted that his plea was voluntary. His trial attorney also testified and denied threatening or coercing Mr. Fleming's plea. Mr. Fleming has not come forth with additional evidence to suggest that his attorney coerced his plea, so I find that it was voluntary and intelligent.

V.

Because Mr. Fleming has not demonstrated that his trial attorney coerced his guilty plea, and because the rest of his

claims are either procedurally barred or not cognizable under 28 U.S.C. § 2254, his petition for habeas corpus is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:    January 22, 2001

Copies have been sent to:

Louis Fleming, B41169
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

Petitioner

Michael Hoard
Illinois Attorney General's Office
100 W. Randolph Street, 13th Fl.
Chicago, IL 60601

Chief of Criminal Appeals
Illinois Attorney General's Office
100 W. Randolph Street, 12th Fl.
Chicago, IL 60601

Attorneys for Respondent